[Civil No. 907.   Filed March 30, 1906.]

[85 Pac. 480.]

EUGENE S. IVES, Defendant and Appellant, v. E. F. SANGUINETTI, Plaintiff and Appellant.

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS—CONTRACTS — TRUSTS— AGREEMENT TO PAY DEBTS.—A contract whereby defendant agreed to sell a crop grown upon his wife's land to plaintiff who agreed to apply the proceeds to the payment of certain debts of defendant and his wife, created a trust of such proceeds for the benefit of the creditors, but no vested interest therein, and does not constitute an assignment for the benefit of creditors.

2. SAME—SAME—SAME—ALTERATION.—Where defendant agreed to sell certain crops to plaintiff who was to apply the proceeds to the payment of certain debts of defendant and his wife, no vested right was conferred upon the creditors and the agreement at any time could have been abrogated or its terms changed to the extent of eliminating from its provisions payment to any of the creditors named.

3. SAME — SAME — SAME — ASSIGNMENT OF RIGHTS UNDER A TRUST AGREEMENT—INOPERATIVE.—Where a debtor sold his crop and the purchaser agreed to apply the proceeds to the payment of debtor's creditors, they not being parties to the agreement, the creditors' assignment of whatever rights they had under such trust agreement to the debtor, conferred no right of action upon the debtor.

4. HUSBAND AND WIFE—WIFE'S PROPERTY—SALE BY HUSBAND—ACTION —MUST BE BROUGHT JOINTLY.—Where a husband sells a crop from lands belonging to his wife and the purchaser agrees to apply the proceeds to liquidate certain obligations of the husband and wife, the purchaser's liability for failure so to apply the proceeds is upon an action for an accounting brought by the husband and wife jointly but not by the husband individually.

5. SET-OFF AND COUNTERCLAIM—JOINT DEBT—NOT A SET-OFF TO INDIVID-
UAL DEBT.—A joint indebtedness cannot be pleaded as a set-off or
counterclaim by one of two joint creditors in a suit brought by
the debtor against the former alone upon his individual debt.

APPEAL from a judgment of the District Court of the
First Judicial District in and for the County of Yuma. John
H. Campbell, Judge. Affirmed.

The facts are stated in the opinion.

Marcus A. Smith, and W. E. Parker, for Appellant.

An action lies on a promise made by defendant upon a
valid consideration to a third person for the benefit of the
plaintiff, although the plaintiff was not a party to the
transaction. *Lawrence* v. *Fox*, 20 N. Y. 268; *Brewer* v. *Dyer*,
7 Cush. 337; *Carnegie* v. *Morrison*, 2 Met. 381; 7 Am. & Eng.
Ency. of Law, 2d ed., pp. 104 to 106. The counterclaim
set up was proper and capable of exact computation, and
a proper subject of set-off. *Cole* v. *Shanahan*, 24 R. I. 427,
53 Atl. 273; *Gannon* v. *Ruffin*, 151 Mass. 204, 24 N. E.
37; *Johnson* v. *Johnson*, 120 Mass. 465; *Robinson* v. *Gilman*,
43 N. H. 485; *Bulkely* v. *Welch*, 31 Conn. 339.

Peter T. Robinson, and Thomas Armstrong, Jr., for Ap-
pellee.

Under paragraph 1313 of the Revised Statutes of 1901,
Anna W. Ives is united in interest and a necessary party to the
action, under the agreement set up as a counterclaim. *Hook*
v. *White*, 36 Cal. 299; *Harrison* v. *McCormick*, 69 Cal. 616, 11
Pac. 456; *Stearns* v. *Martin*, 4 Cal. 228. A counterclaim must
be as complete in all its parties as an original complaint. It
must contain every allegation which would be necessary to
a good complaint, founded on the same cause of action. *Daggs*
v. *Phœnix National Bank*, 5 Ariz. 409, 53 Pac. 201-205.

SLOAN, J.—The appellee, E. F. Sanguinetti, brought suit
in the district court of Yuma County against appellant,
Eugene S. Ives, to recover upon two several checks ag-
gregating one hundred and twenty-five dollars, one being in
the sum of one hundred dollars, and the other in the sum

of twenty-five dollars. The appellant in his answer admitted the indebtedness sued upon, but pleaded a counterclaim, wherein he alleged that on or about the first day of April, 1899, he and his wife, Anna W. Ives, entered into a certain contract with the appellee in which they agreed to sell to appellee the hay crop to be grown during the year 1899 on certain farms belonging to said Anna W. Ives, upon the terms that appellee was to pay to the appellant and his said wife $5.50 per ton for all the hay delivered under the contract, and the balance that might be realized from the sale of said hay to be disbursed by said appellee as follows: 1. The sum of seven hundred and fifty dollars was to be paid to one J. W. Dorrington upon a promissory note held by him against appellant and his said wife; 2. The sum of $3,958, with interest, was to be paid on a promissory note given by Ives and his wife to Gandolfo and Sanguinetti, and the sum of $550.50 to be paid to one F. L. Ewing, and credited upon another promissory note of appellant and his said wife; 3. After the payment of the aforesaid claim appellee was to pay the sum of $372.50 to said J. W. Dorrington, with interest; and, 4. Any residue remaining in the hands of appellee after all the said claims were paid was to be paid to appellant and his said wife. The counterclaim further alleged that under said agreement five hundred and ten tons of hay were delivered to appellee which were sold by appellee for a sum not less than five thousand dollars; that appellee failed to pay to appellant or to Ewing or Gandolfo any sum whatever on account of the notes mentioned in the agreement; that prior to the commencement of the action Ewing assigned his interest in said agreement to appellant, and that Gandolfo also assigned his interest and claim against Sanguinetti under said agreement to appellant; that the notes mentioned in the agreement had become due and payable long prior to the commencement of this action; that Gandolfo and Sanguinetti, mentioned in the agreement, prior to the assignment of Gandolfo's interest therein to appellant, had dissolved partnership; this interest it is alleged, upon information and belief, to have been two thirds of any interest which the firm of Gandolfo and Sanguinetti were entitled to in the proceeds of the sale of

the hay under said agreement. It is further alleged in the counterclaim that appellee had received from the proceeds of the sale of the hay a sum more than $925 in excess of the amount agreed by him to be paid to the said appellant and his wife in and by the terms of said agreement; and that appellee became, under the agreement, indebted to Dorrington in the amount of $783.50; that after deducting from the said $5,000 received by appellee from the proceeds of the sale of the hay $2,805, said sum being $5.50 for each ton of hay delivered to and sold by appellee, and deducting the further sum of $783.50, due Dorrington under the agreement, there remained the sum of $1,411.50; that, of the latter sum, by reason of the assignments made to appellant by Ewing and Gandolfo of their interests in the proceeds of the sale of the hay under the agreement, appellant became entitled to the sum of $998.50, being, as alleged, the proportionate amount which would, under the agreement, have been due to Ewing and Gandolfo had no assignment been made by them of their interests. The counterclaim prayed for judgment against appellee for said sum of $998.50, less the amount sued for by appellant. To this counterclaim appellee demurred upon the grounds: 1. That there was a defect of parties; 2. That it failed to state facts sufficient to constitute a counterclaim; and, 3. That it failed to constitute facts sufficient to constitute a defense and cause of action against appellee. The demurrer was sustained by the court, and judgment rendered for the appellee for the amount sued for. From the order sustaining the demurrer, and from the judgment, this appeal is taken.

In considering the ruling of the court in sustaining the demurrer to the counterclaim the first inquiry must be to ascertain the exact nature of the agreement between Ives and his wife and Sanguinetti. Upon its face, primarily it was an agreement to sell the hay crop to be grown and harvested on certain ranches belonging to the wife of the appellant; secondarily it was an agreement between the parties regarding the disposition of the proceeds to be derived from such sale. A trust arose by virtue of the agreement that Sanguinetti should devote a part of the proceeds to the payment of certain debts owed by Ives and his wife

evidenced in part by their promissory notes. In no sense
can the agreement, either at common law or under the
statute, be construed as an assignment for the benefit of
creditors. The parties to the agreement could, at any time,
have abrogated it or changed its terms to the extent of
eliminating from its provisions the payment of any money
to any of the creditors named. The trust was not such an
one as conferred any vested right upon any of the creditors
named in the agreement who were not parties thereto. In
so far as the agreement read, the provisions thereof having
reference to the payment of certain debts were for the con-
venience merely of appellant and his wife. Certainly,
nothing appears in the agreement, nor is any fact alleged
in the counterclaim, from which it can be inferred that the
creditors named had any vested interest in the trust funds
held by Sanguinetti. The beneficiaries under the trust were
Ives and his wife. None of the creditors, therefore, had
a right of action against Sanguinetti upon the agreement,
and no assignment of any assumed interest therein carried
with it such a right of action. Appellant, therefore, by
taking an assignment from Ewing and Gandolfo of their
assumed interests in the agreement, did not acquire thereby
any right of action which he could enforce against
Sanguinetti, either in this suit or in one which he might
bring against the latter. Whatever may be Sanguinetti's
liability upon an accounting, that liability continues, not-
withstanding the assignment, one enforceable by appellant
and his wife, jointly, and not by appellant individually.
By the terms of the agreement it appears that the hay sold
was the separate property of Mrs. Ives. She had rights,
therefore, under the agreement, which could not be
litigated in this action. A joint indebtedness cannot be
pleaded as a set-off or counterclaim by one of two joint
creditors in a suit brought by the debtor against the former
alone upon his individual debt. It does not appear that
Mrs. Ives has assigned her interest in the proceeds of the
hay to appellant. For the reasons given the appellant can-
not, in this action, require an accounting by Sanguinetti
or recover judgment against him for any amount which
may be due appellant and his wife jointly under the con-
tract.

We hold, therefore, that the demurrer was properly sustained, and the judgment of the court will therefore be affirmed.

DOAN, J., and NAVE, J., concur.