[Civil No. 2161.  Filed February 2, 1925.],

[232 Pac. 877.]

# HENRY L. EADS and MABEL C. EADS, His Wife, Appellants, v. RALPH MURPHY, Executor of the Estate of W. J. MURPHY, Deceased, Appellee.

1. APPEAL AND ERROR—APPELLATE COURT WILL DECLINE TO CONSIDER POINT RAISED FIRST TIME ON APPEAL UNLESS CONSTITUTING FUNDAMENTAL ERROR.—Appellate court will decline to consider assignments of error going to verification of plaintiff's reply to defendant's counterclaim, raised for first time on appeal, not being fundamental error.

2. APPEAL AND ERROR—ERROR GOING TO FORM RATHER THAN SUBSTANCE WAIVED UNLESS CALLED TO TRIAL COURT'S ATTENTION.—Errors which go to form rather than substance should be called to trial court's attention, otherwise they will be deemed waived.

3. BROKERS—AGREEMENT BY WHICH DEFENDANT WAS TO RECEIVE COMMISSIONS ON SALE OF REAL ESTATE, HELD WITHIN STATUTE.—Where defendant was associated in real estate business with plaintiff, an express agreement by which defendant was to receive certain commissions on sale of real estate, *held* within the statute of frauds (Civ. Code 1913, par. 3272, subd. 7), and hence required to be in writing.

4. BANKS AND BANKING—CONTRACT SIGNED BY PLAINTIFF ON BEHALF OF TRUST COMPANY AS ITS GENERAL MANAGER HELD NOT A PERSONAL CONTRACT.—Contract by which defendant was to receive certain commissions on sale of real estate, signed by plaintiff on behalf of a trust company as its general manager, could not be construed as personal contract of plaintiff.

5. BROKERS—CONTRACT BY WHICH PARTIES WERE TO SHARE EQUALLY IN NET PROFITS OF SALE OF LANDS HELD NOT WITHIN STATUTE OF FRAUDS.—Where parties were jointly interested in a contract for purchase of certain lands, agreement by which they were to share equally in net profits of sale or disposition thereof, *held* not within the statute of frauds (Civ. Code 1913, par. 3272, subd. 7), it being in no way an agent's or broker's agreement.

---

2. See 21 R. C. L. 625.

5. Partnership agreement for purchase and sale of land as within statute of frauds, see notes in 7' Ann. Cas. 1142; 13 Ann. Cas. 140; Ann. Cas. 1913E, 567; 18 A. L. R. 484. See, also, 25 R. C. L. 594-598.

6. FRAUDS, STATUTE OF—PAROL PARTNERSHIP AGREEMENT TO PURCHASE AND SELL REAL ESTATE FOR SPECULATION PROFITS TO BE DIVIDED AMONG PARTIES NOT WITHIN STATUTE.—Parol partnership agreement or joint enterprise by two or more persons to purchase and sell real estate, or an interest therein for speculation, profits to be divided among parties, is not within the statute of frauds relating to sale of lands or an interest therein.

7. FRAUDS, STATUTE OF — RULE THAT PARTNERSHIP AGREEMENT TO PURCHASE AND SELL REAL ESTATE FOR SPECULATION AND PROFIT IS NOT WITHIN STATUTE OF FRAUDS, APPLIES TO A SINGLE TRANSACTION.—Rule that a parol partnership agreement or joint enterprise entered into by two or more persons to purchase and sell real estate, or interest therein for speculation, profits to be divided among parties, is not within the statute of frauds, applies as well to a single transaction as to general business.

8. FRAUDS, STATUTE OF—AGREEMENT BETWEEN PARTIES, JOINTLY INTERESTED IN PURCHASE OF CERTAIN LAND, TO SHARE EQUALLY IN PROFITS, HELD NOT WITHIN STATUTE AS AGREEMENT FOR SALE OF INTEREST IN REALTY.—Where parties were jointly interested in contract for purchase of certain lands, agreement by which they were to share equally in net profits of sale and disposition thereof, *held* not within the statute of frauds (Civ. Code 1913, par. 3272, subd. 6), as being an agreement for sale of real property or an interest therein.

9. SET-OFF AND COUNTERCLAIM—COUNTERCLAIM SETTING UP DEBT TO ONLY ONE OF DEFENDANTS NOT INVALID BECAUSE NOTE SUED ON WAS MADE BY JOINT DEFENDANTS.—In action on note, and to foreclose mortgage securing same made by joint defendants, counterclaim setting up indebtedness to one of defendants was proper where it was alleged that plaintiff agreed to credit on note sufficient of profits of an alleged transaction in real estate to pay it and to cancel note and mortgage.

10. SET-OFF AND COUNTERCLAIM—GENERALLY COUNTERCLAIM SETTING UP DEBT TO ONLY ONE OF TWO DEFENDANTS SUED ON JOINT NOTE, NOT PROPER.—Generally, where a note sued on is one made by joint defendants, counterclaim setting up debt to only one of them is not proper.

11. PLEADING—RULE STATED AS TO METHOD OF MAKING OBJECTIONS TO COUNTERCLAIM, BUT ARE WAIVED IF NOT RAISED BY DEMURRER.— Under Civil Code of 1913, paragraphs 428, 470, governing pleading of a counterclaim when construed with paragraphs 468 and 469, all objections set forth in paragraph 468 which might be made to an original complaint may be made to a counterclaim, except

---

9.  See 24 R. C. L. 866.    10.  See 24 R. C. L. 867.    11.  See 24 R. C. L. 877.

that they are waived if not raised either by demurrer or answer, except those to jurisdiction of subject matter, and that counterclaim does not state cause of action.

12. PLEADING—ALL PLEADINGS IN SUPERIOR COURT MUST BE IN WRITING. All pleadings in superior court must be in writing, under Civil Code of 1913, paragraph 418.

13. PLEADING — ISSUE OF PROPER SUBJECT OF COUNTERCLAIM HELD WAIVED BY PLAINTIFF.—In action on note and to foreclose mortgage, in which defendant filed a counterclaim, plaintiff, by failing to raise issue of proper subject of counterclaim, as provided by statute in lower court, waived it, and hence defendant was entitled to offer evidence in support thereof.

See (1) 3 C. J., p. 777.    (2) 3 C. J., p. 742.    (3) 9 C. J., p. 558. (4) 7 C. J., p. 885.    (5) 9 C. J., p. 559.    (6) 27 C. J., p. 222.    (7) 27 C. J., p. 222.    (8) 27 C. J., p. 222.    (9) 34 Cyc., p. 729.    (10) 34 Cyc., p. 728.    (11) 15 C. J., p. 844; 31 Cyc., p. 729.    (12) 31 Cyc., p. 45.    (13) 31 Cyc., p. 728.

APPEAL from a judgment of the Superior Court of the County of Maricopa.  F. H. Lyman, Judge. Judgment reversed and cause remanded for new trial.

Messrs. Baker & Whitney, for Appellants.

Mr. C. F. Ainsworth, for Appellee.

LOCKWOOD, J.—This is an action on a note and to foreclose the mortgage securing the same.  The complaint is in the usual form.

Defendants answered admitting the execution of the note and the mortgage, but setting up payment therefor, alleging that defendant Henry L. Eads was associated in the real estate business with plaintiff with the express agreement that the former was to receive certain commissions on the sale of real estate; that he had in this manner earned various sums, a part of which had been paid to him, and the balance, it was agreed by plaintiff, should be credited on the note.  That, further, plaintiff and defendant were jointly interested in a contract for the pur-

chase of certain lands near Gila Bend in this state, and it was agreed between the parties they should share equally in the net profits of the sale or disposition of the lands; that the lands were sold at a profit of over $50,000, of which defendant was entitled to half, and that plaintiff received said money and agreed with defendant Henry L. Eads, to credit sufficient of the commissions and profit, aforesaid, to pay it on said note, to return it to defendant, satisfy the mortgage, and pay the balance due to the defendant, but that he had not done so.

Defendants also filed a counterclaim, setting up practically the same allegations as to the agreement for commissions on sales of real estate, the earning thereof, and a failure by plaintiff to account therefor. They further allege that plaintiff and defendant acquired a certain option for the purchase of land near Gila Bend; that they agreed that said land and option should be sold and the profits divided; and that it was sold at a profit, but that plaintiff received the proceeds and refused to account therefor. There is a prayer for accounting and the further relief usual to pleadings of this nature. To this plaintiff filed a reply, denying, in some cases specifically and in others generally, the defensive matter of the answer and the allegations of the counterclaim.

The first two assignments of error go to the verification of plaintiff's reply to the counterclaim. This point was raised for the first time on appeal and, since it is not fundamental, we decline to consider it. Counsel, relying on alleged errors of this nature going to the form rather than the substance, should give the trial court opportunity to correct the error, or it will be deemed waived. *Santa Rita L. & M. Co.* v. *Mercer*, 3 Ariz. 181, 73 Pac. 398;

*Fort Worth L. & Z. Co.* v. *Robinson,* 89 Okl. 221, 215 Pac. 205.

The other thirty-six assignments raise but two points: First, does the statute of frauds apply to either or both of the alleged agreements between Eads and Murphy; and, second, if it does, was the document, defendant's Exhibit 1, sufficient to satisfy the statute as to the commissions it is alleged were due from Murphy to Eads for the sale of lands?

There can be no doubt in our opinion that the alleged agreement, set up regarding commissions for the sale of real estate, was within the seventh clause of our statute of frauds (Civ. Code 1913, paragraph 3272). It was "an agreement authorizing . . . an agent or broker to . . . sell real estate . . . for . . . a commission." Such agreement must be in writing. Defendant Eads claimed, however, that the agreement was in writing and that the original had been lost, and offered secondary evidence of its contents. We think the proof was sufficient to admit the secondary evidence, if the document would satisfy the statute.

Defendant's Exhibit 1 is as follows:

"W. J. Murphy, Pres. and Manager, W. D. Ulwiler, Vice Pres. and Treas. Phoenix Trust Co., Investment Securities, 16 Adams Street, Phoenix, Arizona, April 16/14. Agreement as to commission on sales made by Henry L. Eads, Phoenix Trust Co., agrees to pay three-fourths of the regular commission (5 per cent. on the first $5,000, and 2½ per cent. beyond $5,000) on all sales termed Phoenix Trust Company property or wherein they are interested, or in the Murphy family holdings) and on any and all other business brought to the Phoenix Trust Company through the efforts of Henry L. Eads, Phoenix Trust Company agrees to divide the commission 75 per cent. to Eads, one-fourth to Murphy. It is further understood that Henry L.

Eads has been and now is connected in a business way with W. T. Smith, with Union Security Company of Arizona; said Eads now being vice president and general counsel of said Union Securities Company. This contract does not partake of any interest whatever of business of any nature said Eads has or may have with W. T. Smith or his associates for the Union Securities Company. Copy signed by Eads and W. J. Murphy.''

This document on its face is an agreement between the Phoenix Trust Company and Eads, signed on behalf of the trust company by its general manager. It certainly cannot be construed as the personal contract of Murphy. Since the effort in this case was to bind Murphy individually, the offer was correctly rejected. No other written instrument regarding an agreement for commissions from Murphy to Eads being offered, the court properly rejected any evidence regarding such sales.

The next question is in regard to the Gila Bend property. The answer alleges the parties were ''jointly interested . . . in and to a certain contract for the purchase of lands,'' etc., and it was ''expressly understood and agreed . . . they should share equally in all the net profits.'' This allegation sets up a joint adventure in a contract to purchase certain lands, and an agreement to share equally in the profits thereof. Such agreement, of course, does not come within the seventh clause of our statute of frauds. It is in no way an agent's or broker's agreement. But it is claimed to be within the sixth clause of the statute as ''an agreement . . . for the sale of real property, or of an interest therein.''

It will be noticed that the agreement does not set up any joint ownership in the lands, but merely in a contract or option of purchase. Nor does it refer to any special agreement for the sale of the lands or an interest therein, but only for a divi-

sion of the profits of any sale made. It is not asked that plaintiff transfer any interest in the lands to defendant or anyone else, but that he render an account of a completed transaction in what is claimed to be a joint adventure in a speculation in real estate. The law governing such a state of affairs is exhaustively discussed in *Hoge* v. *George,* 27 Wyo. 423, 200 Pac. 96, and the note thereto in 18 A. L. R. 484.

While there is some conflict of authority, yet the overwhelming weight is to the effect that a parol partnership agreement or joint enterprise entered into by two or more persons, for the purpose of purchasing and selling real estate or interests therein for speculation, the profits to be divided among the parties, is not within the statute of frauds relating to the sale of lands or an interest therein, and that such an agreement may become effectual and suit maintained thereon, though not in writing. In fact, while the doctrine in *Hoge* v. *George, supra,* is supported in twenty-nine states as well as England and Canada, the contrary rule is upheld by only six states and a few federal decisions, and even in two of those, where the agreement has been fully executed so that nothing remains but the division of the profits, as alleged in this case, it is held not to be within the statute. This rule applies as well to a single transaction as to a general business. *Bates* v. *Babcock,* 95 Cal. 479, 29 Am. St. Rep. 133, 16 L. R. A. 745, 30 Pac. 605; *Thompson* v. *McKee,* 43 Okl. 243, L. R. A. 1915A, 521, 142 Pac. 755. See note to *Hoge* v. *George, supra,* 18 A. L. R. 492.

Following the overwhelming weight of authority, we hold an agreement such as was alleged here was not within the statute of frauds, and defendant was entitled to offer oral evidence thereof.

But it is contended by plaintiff since the note sued on is one made by joint defendants, and the

27 Ariz.—18

counterclaim sets up an indebtedness to only one of those, it is not a proper set-off or counterclaim in an action like this. It should be observed, however, that it is alleged in the answer that plaintiff agreed to credit on the note set up in the complaint enough of the profits of the alleged transaction to pay it and to cancel the note and mortgage. We know of no reason why a creditor cannot agree to apply what he owes to one of two joint debtors, on the joint indebtedness as payment thereof. The matter was properly alleged so far as an answer to the suit on the note and mortgage is concerned.

But on the affirmative issue of counterclaim, the general rule is as contended by plaintiff. *Ives* v. *Sanguinetti,* 10 Ariz. 83, 85 Pac. 481; *Rouse* v. *Bolen,* 17 Ariz. 14, 147 Pac. 737; *Bartlett* v. *Fraser,* 11 Cal. App. 373, 105 Pac. 130; *McDonald* v. *Poole,* 113 Cal. 437, 45 Pac. 702; *Roberts* v. *Donovan,* 70 Cal. 108, 9 Pac. 180, 11 Pac. 599. Is the question, however, properly raised? Paragraph 428, Revised Statutes of Arizona of 1913 (Civ. Code), and paragraph 470, Revised Statutes of Arizona of 1913 (Civ. Code), govern pleading of a counterclaim, and read as follows:

"428. When the defendant sets up a counterclaim against the plaintiff, the plaintiff may plead thereto. under the rules prescribed for the pleading of defensive matter by the defendant. . . .

"470. The plaintiff may demur to the answer or to any defense or counterclaim therein contained, upon the ground that the same does not state facts sufficient to constitute a defense or counterclaim, and to a counterclaim on the ground that the matters stated are not a proper subject of counterclaim in the action."

We thus see that there are two objections which may be made by demurrer under paragraph 470, *supra,* and reading paragraph 428, *supra,* in connection with paragraphs 468 and 469 of the Code, all

the objections set forth in said paragraph 468 which might be made to an original complaint may be made to a counterclaim, with the proviso that if they are not raised either by demurrer or answer they are waived, except the ones to the jurisdiction of the subject matter and that the counterclaim does not state a cause of action.

All pleadings in the superior court must be in writing. Paragraph 418, Revised Statutes of Arizona of 1913 (Civ. Code). Plaintiff claims that he raised these objections by demurrer in the trial court. We have examined the abstract of record and judgment-roll and the reporter's transcript, and are utterly unable to find any such pleadings, or a reference thereto. The only mention of a demurrer in the whole case is a colloquy between the court and counsel as to an assumed demurrer, whether oral or written not being stated, which on its face does not refer to the objection now raised, viz., that the matters stated are not a proper subject of counterclaim in the action. The alleged counterclaim clearly shows the jurisdiction of the subject matter, and states a good cause of action against plaintiff.

We think plaintiff, by failing to raise the issue of a proper subject of counterclaim, as provided by statute in the lower court, waived it, and defendant was entitled to offer evidence in support of his alleged counterclaim.

For the reasons above given, the case is reversed and remanded to the superior court of Maricopa county for a new trial.

McALISTER, C. J., and ROSS, J., concur.