546 P.2d 821

**Robert VAN BUREN and Patsy Van Buren, Appellants,**

v.

**PIMA COMMUNITY COLLEGE DIS-TRICT BOARD, Appellee.**

**No. 12379–PR.**

Supreme Court of Arizona,
En Banc.

Feb. 20, 1976.

Rehearing Denied March 30, 1976.

Stuart Herzog, Tucson, for appellants.

Stolkin, Weise & Tandy, by Marshall D. Tandy, Tucson, for appellee.

HAYS, Justice.

The appellants, Robert Van Buren and Patsy Van Buren, his wife, brought this action against appellee, Pima Community College District Board, for compensatory and punitive damages as a result of appellees' alleged misrepresentation. The Superior Court of Pima County granted judgment for appellants in the sum of $3,000. Appellants brought an appeal solely on the issue of damages. On appeal, the Court of Appeals modified the judgment and awarded the sum of $16,650 to appellants. *Van Buren v. Pima Community College District Bd.*, 25 Ariz.App. 32, 540 P.2d 763 (1975). A petition for review was filed in this court by both appellee and appellants. The opinion of the Court of Appeals is vacated.

Appellant Robert Van Buren was advised by letter dated April 17, 1972, that a faculty position in automotive technology was available at Pima College for the 1972–1973 academic year. He was appointed to the position of Instructor-Automotive for the 1972–1973 academic year by Notice of Faculty Appointment dated June 22, 1972. Prior to appellant Robert Van Buren's appointment at Pima College, both appellants were employed as teachers in Fairbanks, Alaska. Van Buren was advised by letter dated February 26, 1973, that he would be recommended for reemployment, subject to funding availability from the Division of Vocational Education. He was notfied by letter dated June 6, 1973, that he would not be offered a contract for the 1973–1974 academic year since funding was terminated for the automotive program.

Appellant Patsy Van Buren was not employed during the 1972–1973 academic year. Both appellants secured employment for the 1973–1974 academic year. In their argument, appellants contend that appellee failed to disclose the fact of special funding at any time prior to the signing of the contract. Appellants argue that they would have retained their tenured positions in Alaska had they known that Mr. Van Buren's position was specially funded.

Appellants request a determination of the proper elements and measure of damages, and a ruling on the trial court's denial of their application for punitive damages. Appellee argued that the damages awarded were arrived at fairly and justly according to the evidence, and should be affirmed. In its motion for rehearing, appellee took the position that the court misapplied the law to the fact, since Arizona has never recognized a negligent misrepresentation giving rise to a claim for relief for damages. Appellee's motion also raised questions relating to the elements and measure of damages.

This court must first consider the vitality of the claim for relief and the proof presented to support that claim prior to a consideration of the question of damages. "[T]he trial court will be sustained, if it can be sustained, upon any theory which is within the issues and supported by the evidence. *Phoenix Safety Investment Co. v. James*, 28 Ariz. 514, 237 P. 958." *Odom v. First National Bank of Arizona*, 85 Ariz. 238, 336 P.2d 141 (1959). Appellants assert that appellee and its agents and employees either fraudulently or negligently failed to disclose material facts. We will first consider the claim for relief for fraudulent failure to disclose. In order to sustain the burden of proof in a claim for relief for fraud, the plaintiff must show "a concurrence of all the elements thereof." *Nielson v. Flashberg*, 101 Ariz. 335, 419 P.2d 514 (1966). Our review of the record reveals that appellants failed to prove at least two of the elements of actionable fraud. There is no proof of the falsity of the representations made by appellee, nor is there any proof of appellee's knowledge that the representations made were false. There is no evidence in the record before this court which suggests that appellee made *any* disclosures concerning subsequent employment. Appellants were therefore not entitled to relief for fraudulent failure to disclose.

Appellants' assertion of negligent failure to disclose presents a different problem.

This court is faced with the issue of the vitality of their claim for relief in terms of recognition by the courts of Arizona of negligent misrepresentation (or failure to disclose) as actionable.

■ The Court of Appeals held, in the case of *Arizona Title Insurance & Trust Co. v. O'Malley Lumber Co.*, 14 Ariz.App. 486, 484 P.2d 639 (1971), that damages would lie in a proper case of negligent misrepresentation. We agree. *See* Restatement of Torts § 552. A claim for relief for negligent misrepresentation is one governed by the principles of the law of negligence. Thus, there must be "a duty owed and a breach of that duty before one may be charged with the negligent violation of that duty." *West v. Soto*, 85 Ariz. 255, 336 P.2d 153 (1959).

■ Did the appellee owe a duty to Van Buren to tell him that the position for which he was being hired was specially funded? The record is clear that such information was never given to him although the president of the college testified that it was standard practice to impart this information to applicants for faculty positions.

The Notice of Faculty Appointment (the employment contract), in pertinent part, states:

"The Board of Governors, Pima County Junior College District, has approved a recommendation of your employment, contingent on availability of funds, as follows:

| | |
|---|---|
| Position | Instructor – Automotive |
| Term of Employment | Academic Year 1972 – 1973 |
| | August 21, 1972 thru May 18, 1973 |
| Salary | $10,600 |
| Other Terms | " |

The appellant knew that the college had no system of tenure but placed reliance on the usual practice of retaining teachers from year to year whose services were acceptable to the employer. It is obvious that the term of the contract was for one year only contingent on the availability of funds. To make appellants' hopes and expectations a part of this contract would mean writing a new contract which we are not constrained to do.

Based on the record before us, we hold that there was no duty to disclose; hence, failure to disclose cannot be characterized as negligent misrepresentation.

In view of the fact that the appellee, Pima Community College District Board, did not cross-appeal, and hence did not take issue with the amount of damages awarded in the judgment, the judgment of the trial court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.