742 P.2d 804

**ST. JOSEPH'S HOSPITAL AND MEDICAL CENTER, an Arizona hospital, Plaintiff/Appellee/Cross-Appellant,**

v.

**RESERVE LIFE INSURANCE COMPANY, a Texas corporation; United Chambers Administrators, an Illinois corporation; and United Chambers Insured Plans, Defendants/Appellants/Cross-Appellees.**

**No. 2 CA–CIV 5707.**

Court of Appeals of Arizona, Division 2, Department B.

May 28, 1986.

Gammage & Burnham by Richard B. Burnham and Richard K. Mahrle, Phoenix, for plaintiff/appellee/cross-appellant.

Hart, Himelrick & Gulinson by Gene G. Gulinson, Phoenix, for defendants/appellants/cross-appellees.

## OPINION

LACAGNINA, Judge.

United Chambers appeals from an adverse judgment awarding compensatory and punitive damages in favor of St. Joseph's Hospital based on negligent misrepresentation, promissory estoppel and bad faith. On appeal, United Chambers claims that the evidence which supported verdicts in its favor on the insurance policy and express and implied contract was insufficient to support the jury verdict and judgment rendered against it. We agree, reverse and vacate the judgments. We affirm the refusal of the trial court to award attorney's fees to either party.

The issues presented on appeal and cross-appeal which we will answer are:

1. Was there sufficient evidence to support a judgment for negligent misrepresentation, promissory estoppel, bad faith and punitive damages?

2. Does the duty of good faith implied in an insurance contract extend to third parties?

3. Did the court abuse its discretion by failing to award attorney's fees to either party?

## FACTS

George Montney formed a business in August 1981. On September 1, 1981, he executed and filed an application for group health insurance from United Chambers and, later that day, went to see a physician. Since his group of employees consisted of less than five persons, he was required to answer health questions on his application. He failed to honestly answer the questions and, based on his reported, unremarkable medical history, his application was approved. In April of 1982, after receiving Montney's complete medical records, United Chambers determined that the policy would not have issued had it known the truth about Montney's health and true medical history for the months preceding September 1, 1981. Specifically, Montney would have been declined due to his height and weight alone if they had been correctly stated on his application. The policy was rescinded on May 5, 1982, and notice was received by Montney on May 10, 1982. St. Joseph's learned of the rescission on May 11, 1982.

Between September 1, 1981, and May 10, 1982, St. Joseph's treated and hospitalized Montney for leukemia as follows: 1) September 8, outpatient; 2) October 14 to 26, initial hospitalization; 3) January 4 to April 2, second hospitalization; 4) April 1982, outpatient services; and 5) May 10 to June 11, 1982, final hospitalization. During Montney's hospitalizations, St. Joseph's inquired of United Chambers regarding insurance coverage. United Chambers verified the issuance of the policy and its limits and repeatedly requested from Montney and his physicians medical reports of his condition and treatment. United Chambers initially received partial records; later, complete records were evaluated. St. Joseph's never asked United Chambers to guarantee payment of Montney's bills nor did United Chambers promise to pay the bills. Until the policy was rescinded, all statements made by United Chambers regarding the policy and its limits were true.

## NO EVIDENCE OF NEGLIGENT MISREPRESENTATION

■ We recognize the tort of negligent misrepresentation in Arizona. *Van Buren v. Pima Community College District Bd.*, 113 Ariz. 85, 546 P.2d 821 (1976); *Arizona Title Insurance & Trust Company v. O'Malley Lumber Company*, 14 Ariz.App. 486, 484 P.2d 639 (1971). The tort is defined by Restatement (Second) of Torts § 552 and governed by the principles of the law of negligence. Therefore, "there must be a duty owed and breach of that duty before one may be charged with negligent violation of that duty." *Van Buren v. Pima Community College*, 113 Ariz. at 87, 546 P.2d at 823. As the jury in this case was instructed, the tort is committed by the giving of false information intended for the guidance of others and justifiably relied upon by them causing damages if the giver of the false information fails to exercise reasonable care or competence in obtaining or communicating the information. Restatement (Second) of Torts § 552(1) (1977).

United Chambers was under no obligation to comply with St. Joseph's time table in completing its investigation and determining its liability to Montney for payment of his expenses. United Chambers had a right to complete its investigation which justified rescission of the policy based upon fraudulent representations in its inception. Nothing on Montney's application as investigated by United Chambers could have alerted it to any fraud by Montney. Following his initial hospitalization, when claims were submitted, and United Chambers received medical history reports and physicians' reports, it gained more information from which it eventually concluded that Montney had misrepresented his medical history, previous medical treatment and height and weight.

■ United Chambers' verification of the existence of the policy prior to rescission is insufficient to create liability for negligent misrepresentation. Pursuant to the request by St. Joseph's, the only duty owed by United Chambers was to give true infor-

mation of existing facts known to it in response to the request. This it did. The evidence was undisputed that St. Joseph's asked only if a policy existed and its benefits. St. Joseph's did not request that United Chambers promise or guarantee payment of expenses incurred by Montney. The hospital's assumption that payment would be made because a policy was issued was not justifiable reliance upon the information requested and obtained. Owning an insurance policy and receiving benefits from it are two different conditions. Employees of St. Joseph's testified they knew that verification of benefits was not the same as confirmation of payment. If St. Joseph's wanted assurances from United Chambers for payment, it should have asked, because if given, even though the policy was later rescinded, St. Joseph's may have had sufficient evidence to support a judgment for negligent misrepresentation.

## INSUFFICIENT EVIDENCE OF PROMISSORY ESTOPPEL

The jury was instructed on the issue of estoppel as follows:

> If the defendants made express or implied representations which caused the hospital to treat Montney, and the hospital justifiably relied on any representation made by the defendants, to the detriment of the hospital, and if enforcement of the defendant's representations is necessary in the interest of justice, then your verdict should be for the plaintiff. If any of these elements is missing, your verdict should be for the defendants (emphasis added).

■ The doctrine of promissory estoppel is based on the enforcement of a promise or representation justifiably relied upon to the detriment of the promisee where enforcement of such promise or representation is necessary in the interest of justice. For the jury to return a verdict in favor of St. Joseph's, it necessarily should have had evidence regarding a promise or representation which should be enforced. *Kersten v. Continental Bank*, 129 Ariz. 44, 628 P.2d 592 (App.1981); 1A Corbin, *Contracts* § 15 at 32 (1963). The only promise or

representation which would possibly have been material and enforceable in this case is a promise or representation by United Chambers assuring that it would be responsible for and pay the expenses incurred by its insured. There is no evidence of such a promise or representation.

St. Joseph's never asked and United Chambers never stated that it would pay the expenses incurred by its insured. A truthful verification of the existence of a policy at the time benefits information is requested is not equal to a promise or representation that payment will be made irrespective of coverage and liability of the insurance company to its insured.

It was not the knowledge of the existence of a policy that injured St. Joseph's; it was the insurance company's refusal to pay after the policy was rescinded for fraud that caused it damages. Testimony from St. Joseph's employees who had received the policy benefits information confirmed that they understood the verification of benefits was not a guarantee of payment. This is insufficient to establish justifiable reliance on the statements from United Chambers. As the court properly instructed the jury, if any element of estoppel is not proved by the evidence, the doctrine cannot be applied. In this case, the promise or representation is missing as well as the element of justifiable reliance. *Graham v. Asbury*, 112 Ariz. 184, 540 P.2d 656 (1975); *Knight v. Rice*, 83 Ariz. 379, 321 P.2d 1037 (1958); *Estate of Musgrove*, 144 Ariz. 168, 696 P.2d 720 (App.1985).

## THIRD PARTY HAS NO CLAIM FOR BAD FAITH OR PUNITIVE DAMAGES

■ A tort of "bad faith" as it relates to the performance of insurance contracts covers conduct between the insurance company and its insured. The duty of good faith dealings is owed to its insured. St. Joseph's, a stranger to the insurance contract, had no claim for bad faith against United Chambers. *See Sparks v. Republic National Life Insurance Company*, 132 Ariz. 529, 647 P.2d 1127 *cert. denied* 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632

(1982); *Noble v. National Life Insurance Company,* 128 Ariz. 188, 624 P.2d 866 (1981); *Chavez v. Chenoweth,* 89 N.M. 423, 553 P.2d 703 (App.1976).

Even if the "bad faith" doctrine could be extended to benefit third parties, the evidence in this case was insufficient to support a judgment based on that theory. The jury heard the following evidence of United Chambers' conduct:

1. Received request for verification of policy and limits.

2. Requested medical information from insured and his physicians.

3. Received bills from first hospitalization and notified St. Joseph's it was waiting for complete medical information.

4. Evaluated information received and rescinded policy for fraud.

The insurance company has a right to investigate circumstances to determine if there is coverage. The tort of bad faith arises when an insurance company intentionally denies, fails to process or pay a claim without a reasonable basis for its action. Evidence showing conduct of an insurance company which results in a rescission of the insurance contract cannot be a basis for a claim of bad faith by the insured as a matter of law. The evidence of United Chambers' conduct was insufficient under the holdings of *Linthicum v. Nationwide,* 150 Ariz. 354, 723 P.2d 703 (App.1985), and *Farr v. Transamerica Occidental Life,* 145 Ariz. 1, 699 P.2d 376 (App.1984), to support a judgment for bad faith and punitive damages.

### ATTORNEY'S FEES

We affirm the trial court's exercise of its discretion in refusing to award attorney's fees to either party under A.R.S. § 12–341.01. United Chambers claims it was entitled to mandatory attorney's fees under § 12–341.01(C) because it was required to defend a groundless claim not made in good faith. We disagree.

The trial court's award of attorney's fees under A.R.S. § 12–341.01(A) is discretionary, not reviewable by this court if the record contains a reasonable basis for the exercise of that discretion. *Associated Indemnity Corp. v. Warner,* 143 Ariz. 567, 694 P.2d 1181 (1985), quoting *Jones v. Queen Insurance Co.,* 76 Ariz. 212, 262 P.2d 250 (1953); *Wheel Estate Corp. v. Webb,* 139 Ariz. 506, 679 P.2d 529 (App. 1983); *Grand Real Estate, Inc. v. Sirignano,* 139 Ariz. 8, 676 P.2d 642 (App.1983). Here, the court denied attorney's fees because the action upon which St. Joseph's was the prevailing party did not arise out of contract. We agree.

We reverse and vacate the judgment for compensatory and punitive damages and affirm the trial court's judgment denying attorney's fees.

LIVERMORE, P.J., and HOWARD, J., concur.