SHIRE DEVELOPMENT, a Utah corporation, and Albert Charboneau, an individual, Plaintiffs and Appellants,

v.

FRONTIER INVESTMENTS, a Nevada limited partnership, Mark Chilton, Roger S. Trounday, Ward W. Chilton, and Steven R. Trounday, Defendants and Appellees.

No. 890738–CA.

Court of Appeals of Utah.

Oct. 3, 1990.

Stephen B. Mitchell, (argued), Burbidge & Mitchell, Salt Lake City, for plaintiffs and appellants.

David A. Greenwood and Marvin D. Bagley (argued), Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for defendants and appellees.

## OPINION

Before GARFF, JACKSON and NEWEY,[1] JJ.

GARFF, Judge:

Appellants, Shire Development and Albert Charboneau appeal an order granting Frontier Investments' (Frontier) motion for summary judgment. The trial court concluded that appellants have no standing to bring an action against Frontier on a real estate contract when appellants were neither parties nor assignees to the contract. We affirm.

In 1984, Frontier sold a piece of Nevada property to Steven T. Glezos (Glezos) under a real estate sales contract. Shortly thereafter, appellants entered into an oral joint venture agreement with Glezos to participate in the purchase, development and sale of the same property from Frontier. Frontier was not a party to this agreement. As a result of the oral joint venture agreement, appellants paid $80,725.11 and Glezos paid $11,000 to Frontier toward a purchase price of $765,494. Glezos later defaulted on the contract by failing to make a payment of $83,744. Pursuant to the real estate contract, Frontier then forfeited Glezos's interest in the property and retained the entire amount paid as liquidated damages.

Appellants filed this action claiming that (1) the oral joint venture agreement constituted an assignment of the real estate contract from Glezos, and (2) the liquidated damages provision of the contract was unenforceable as an unconscionable penalty.

## STANDARD OF REVIEW

On an appeal from a motion for summary judgment, we inquire first whether there is a genuine issue as to any material fact, *Provo City Corp. v. State of Utah*, 795 P.2d 1120, 1121–22 (Utah 1990); Utah R. Civ.P. 56(c); viewing the facts and inferences to be drawn therefrom in the light most favorable to the losing party. *Provo City Corp.*, 795 P.2d at 1121–22. If there is no genuine issue as to any material fact, we then determine whether the moving party is entitled to judgment as a matter of law. *Arrow Indus. v. Zions First Nat'l Bank*, 767 P.2d 935, 936–37 (Utah 1988). In so doing, we are free to reappraise the trial court's legal conclusions. *Whatcott v. Whatcott*, 790 P.2d 578, 580 (Utah Ct.App.1990).

## STANDING

Appellants claim standing to challenge the forfeiture provision of the contract in that they became assignees as a result of an oral joint venture agreement entered into between appellants and Glezos subsequent to the contract between Glezos and Frontier. Appellants' argument correctly assumes that only parties to a contract, or intended beneficiaries thereof,

---

1. Robert L. Newey, Senior Juvenile Court Judge, sitting by special appointment pursuant to Utah Code Ann. § 78–3–24(10) (Supp.1989.)

have standing to sue. "As a general rule, none is liable upon a contract except those who are parties to it." *County of Clark v. Bonanza No. 1*, 96 Nev. 643, 615 P.2d 939, 943 (1980) (citing *Paxton v. Bacon Mill and Mining Co.*, 2 Nev. 257 (1866); *Barbara's Lighting Center, Inc. v. Churchill*, 35 Colo.Ct.App. 439, 540 P.2d 1110 (1975)). "It is axiomatic in the law of contract that a person not in privity cannot sue on a contract." *Wing v. Martin*, 107 Idaho 267, 272, 688 P.2d 1172, 1177 (1984) (lessees, who were not parties to prior lease, were not in privity with former lessees, and therefore, could not sue to enforce terms of prior lease); *Professional Lens Plan, Inc. v. Polaris Leasing*, 234 Kan. 742, 675 P.2d 887, 891 (1984) (remote seller of an allegedly defective computer did not have implied warrantees of fitness and merchantability extended to him). *See generally* 4 Corbin on Contracts § 778 (1951).

■ Appellants assert that the oral joint venture agreement to purchase, develop, and sell the property and share in the profits had the legal effect of assigning Glezos's interest in the contract to them, thus making them assignees on the contract. They refer to the contractual provision allowing Glezos to assign his interest without consent as support for this assertion. While the contract may have allowed such an assignment, the record shows no indication that any assignment of Glezos's property interest ever took place.[2] This court has made clear that assignments of interest in property should be stated in the contract with specificity, including the usual words of assignment such as "assumes," "agrees to pay," "assigns," "transfers" or "conveys." *Hansen v. Green River Group*, 748 P.2d 1102, 1104 (Utah Ct.App.1988). Thus, the trial court properly concluded there was no assignment. Appellants therefore have no standing.

■ Further, Frontier argues that if any assignment had been made, as appellants assert, it would have involved the transfer of a property interest and therefore would have had to be in writing to satisfy the Nevada or Utah statute of frauds.[3] To counter this argument, appellants cite *Ellingson v. Sloan*, 22 Ariz.App. 383, 527 P.2d 1100, 1104 (1974) as support for the proposition that the oral joint venture agreement takes them out of the statute of frauds.

*Ellingson* quotes a 1925 Arizona case as follows:

> While there is some conflict of authority, yet the overwhelming weight is to the effect that a parol partnership agreement or joint enterprise entered into by two or more persons, for the purpose of purchasing and selling real estate or interests therein for speculation, the profits to be divided among the parties, is not within the statute of frauds relating to the sale of lands or an interest therein, and that such an agreement may become effectual and suit maintained thereon, though not in writing.

*Eads v. Murphy*, 27 Ariz. 267, 232 P. 877, 879 (1925). The agreement in *Eads* did not require a transfer of any interest in land and did not set up a joint ownership. We read this passage, quoted by appellants in their reply brief, to mean that the court held that an oral agreement to share in the profits from the purchase and selling of land does not involve the sale of land or the transfer of an interest in land. Therefore, such an agreement is not within the statute

---

**2.** In an affidavit of C.N. Zundel, president of Shire Development, Inc., he describes an oral exchange with Glezos. Appellants claim that this exchange not only established the joint venture agreement between appellants and Glezos, but that it also served to transfer an interest in property. Zundel states:

I agreed with Glezos that Shire would assist in funding and that Shire would receive an interest in the Property and in all profits derived from the joint venture.... In early 1985, Glezos informed me that one Bert Charboneau was going

to contribute $30,000.00 for payment due on the Property, and that Charboneau would, therefore, come into the joint venture and receive an interest in the property and all profits.

**3.** The property sold is located in Nevada, but the contract was entered into, at least in part, in Utah. However, because the Utah and Nevada statutes of fraud are substantively identical, it is unnecessary to address any possible conflict of laws issue. *See* Utah Code Ann. § 25–5–1 (1989).

of frauds. Thus, *Eads* is clearly distinguishable from appellants' position here. Accordingly, the oral joint venture agreement to share in any profits arising from Glezos's contract with Frontier would be valid as between Glezos and appellants. However, if that agreement were construed to be an assignment of real property interests, as appellants argue, it would have to be in writing in order to comply with the statute of frauds.[4]

■ Appellants argue in the alternative that even if they did not have privity of contract, they still have standing to bring an equitable action to recover money they paid under the existing contract between Glezos and Frontier. Appellants raise several equitable arguments, including "equitable relief from the unconscionable penalty," "equitable action to recover money," and partial performance. None of these arguments were made to the trial court except "equitable action to recover money," and it was raised only briefly in the oral argument by appellants on Frontier's motion for summary judgment and thus was not sufficiently preserved for appeal. As we have reiterated many times, we will not consider an issue raised on appeal for the first time. *Heiner v. S.J. Groves & Sons Co.*, 790 P.2d 107, 115 (Utah Ct.App. 1990); *Mascaro v. Davis*, 741 P.2d 938, 944 (Utah 1987).

Affirmed.

JACKSON and NEWEY, JJ., concur.

---

**4.** Utah Code Ann. § 25–5–1 (1989) reads as follows:

No estate or interest in real property, other than leases for a term not exceeding one year, nor any trust or power over or concerning real property or in any manner relating thereto, shall be created, granted, assigned, surrendered or declared otherwise than by act or operation of law, or by deed or conveyance in writing subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing.