**Christine SAVAGE, Plaintiff and Appellant,**

v.

**EDUCATORS INSURANCE COMPANY, a Utah corporation, Defendant and Appellee.**

No. 920769–CA.

Court of Appeals of Utah.

April 25, 1994.

John Preston Creer, Salt Lake City (argued), for appellant.

Samuel D. McVey (argued), Stuart F. Weed, Kirton, McConkie & Poelman, Salt Lake City, for appellee.

Before GREENWOOD, JACKSON, and ORME, JJ.

OPINION

GREENWOOD, Judge:

Christine Savage alleges that her employer's workers' compensation insurance carrier dealt with her in bad faith. The trial court ruled that Ms. Savage could not bring a

cause of action against the insurance carrier for lack of good faith and fair dealing because she was not in privity of contract with the insurance carrier. We affirm.

## BACKGROUND

Ms. Savage was employed by the Jordan School District (District) as a bus driver. The District contracted with Educators Insurance Company (Educators) to carry the District's workers' compensation insurance policy.[1] On January 25, 1987, the school bus Ms. Savage was driving was hit head-on by an automobile. Ms. Savage incurred serious injuries as a result of the accident. Three physicians recommended that Ms. Savage have a dorsal column stimulator implanted because she continued to have extreme pain in her back despite an earlier disk operation. Educators referred Ms. Savage to Dr. Gerald Moress for an independent medical examination. He concluded that implanting a dorsal column stimulator would not provide relief from Ms. Savage's back problems and stated that he was unaware of any further available treatment. Based on Dr. Moress's examination, Educators informed Ms. Savage that, except for continued psychiatric treatment, her employer's workers' compensation insurance would not cover any additional medical treatment.

Ms. Savage disputed Educators's decision and timely filed a claim with the Industrial Commission of Utah. Educators, Ms. Savage, and the Employers' Reinsurance Fund later agreed to stipulated Findings and Order in settlement of Ms. Savage's claim before the Industrial Commission. As part of that settlement, Educators agreed to pay for Ms. Savage's disputed medical expenses, including those incurred for a dorsal column stimulator. Thereafter, Ms. Savage filed a complaint against Educators in the district court, alleging lack of good faith and fair dealing. Educators filed a motion to dismiss, which prompted Ms. Savage to file an amended complaint. The amended complaint alleged breach of contract, breach of the covenant of good faith and fair dealing, intentional infliction of severe emotional distress, tortious or bad faith conduct, breach of fiduciary relationship, and interference with a protected property interest. Educators again filed, and the trial court granted, a motion to dismiss. The court then entered a final order dismissing Ms. Savage's amended complaint with prejudice. Ms. Savage now appeals the district court's dismissal of her amended complaint.

## ISSUE

Although Ms. Savage raises four issues on appeal, we address only one of them:[2] Can an injured worker bring a cause of action for lack of good faith and fair dealing against his or her employer's workers' compensation insurance carrier?

## STANDARD OF REVIEW

Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *Higgins v. Salt Lake County*, 855 P.2d 231, 235 (Utah 1993). As entitlement to summary judgment is a question of law, we give no deference to the trial court's determination of the issues. *Higgins*, 855 P.2d at 235.

## ANALYSIS

The issue before us has already been answered by this court in *Pixton v. State Farm Mutual Automobile Insurance Co.*, 809 P.2d 746 (Utah App.1991).[3] In *Pixton*,

---

1. As Educators correctly points out, the District is self-insured. Educators's contract with the District is to administer the District's workers' compensation claims rather than to provide the insurance. This departure from the typical employer/insurer relationship does not affect our holding today because in either situation the subject contract is between the employer and the insurance company.

2. Ms. Savage raised three other issues on appeal, but briefed only one of the three. We believe all three issues are without merit and do not address them. *See State v. Carter*, 776 P.2d 886, 889–90 (Utah 1989).

3. Although *Pixton* involved a different type of insurance relationship between the parties than does the present case (automobile rather than workers' compensation), we believe its principles are still controlling.

an injured motorist attempted to recover from the negligent driver's insurance company, State Farm. In denying the injured motorist's right to bring an action against the insurance company for lack of good faith and fair dealing, this court recognized the "duty of good faith and fair dealing as a contractual duty running from the insurer to its insured." *Id.* at 749 (citing *Amica Mutual Ins. Co. v. Schettler,* 768 P.2d 950, 958 (Utah App.1989) and *Beck v. Farmers Ins. Exch.,* 701 P.2d 795, 800 (Utah 1985)); *see also St. Joseph's Hosp. & Medical Ctr. v. Reserve Life Ins. Co.,* 154 Ariz. 303, 306–07, 742 P.2d 804, 807–08 (App.1986) (duty of good faith dealings is owed only to insured and stranger to insurance contract has no claim for bad faith against insurer), *vacated in part on other grounds,* 154 Ariz. 307, 742 P.2d 808 (1987); *Austero v. National Casualty Co.,* 62 Cal.App.3d 511, 133 Cal.Rptr. 107, 110–11 (1976) ("[L]iability for 'bad faith' has been strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship. Where no such relationship exists, no recovery for 'bad faith' may be had."); *United Fire Ins. Co. v. McClelland,* 105 Nev. 504, 780 P.2d 193, 197 (1989) (same); *Allstate Ins. Co. v. Amick,* 680 P.2d 362, 364–65 (Okla.1984) (same). The *Pixton* court also underscored the point that " '[i]n order to maintain an action under a contractual theory of insurer bad faith, the parties must be in privity of contract at the time of the alleged wrong.' " *Pixton,* 809 P.2d at 749 (quoting *Amica,* 768 P.2d at 958). Finally, the *Pixton* court concluded: "In sum, we are persuaded that there is no duty of good faith and fair dealing imposed upon an insurer running to a third-party claimant . . . seeking to recover against the company's insured." *Id.*

In the present case, Ms. Savage is a third-party claimant against Educators. Consequently, Ms. Savage and Educators share no privity of contract; rather, that privity runs between Educators and the District. There-

fore, given the holding of *Pixton* and the cases cited therein, we affirm the trial court's ruling.[4]

## CONCLUSION

*Pixton v. State Farm Mutual Automobile Insurance Co.,* 809 P.2d 746 (Utah App.1991), and the cases cited therein, clearly establish that a third-party claimant who is not in privity of contract with the insurance carrier has no cause of action against that insurance carrier for breach of the duty of good faith and fair dealing. As an injured worker is not in privity of contract with his or her employer's workers' compensation insurance carrier, no cause of action arises. We therefore affirm the ruling of the trial court.

JACKSON and ORME, JJ., concur.

---

4. We also note that the scheme of Workers' Compensation, Utah Code Ann. §§ 35–1–1 to –109 (1988 & Supp.1993), provides a quick and definite remedy to injured employees. In addition, the Industrial Commission has jurisdiction to hear the claims of injured employees and as a general rule, does so in a timely manner. The fact that Ms. Savage resolved her dispute with Educators in a relatively short period of time—nine months—attests to the efficiency of the system.