NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PREMALAL RANASINGHE, <br><br> Plaintiff-Appellant, <br><br> and <br><br> PALINAWADANAGE RAMYA CHANDRALATHA FERNANDO, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH J. POPOLIZIO; et al., <br><br> Defendants-Appellees. | No. 15-15310 <br><br> D.C. No. 2:14-cv-00369-ROS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Premalal Ranasinghe appeals pro se from the district court's judgment

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

dismissing his diversity action alleging various Arizona state law violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). We affirm.

The district court properly dismissed Ranasinghe's claim for legal malpractice because Ranasinghe failed to allege facts sufficient to show an attorney-client relationship. *See Paradigm Ins. Co. v. Langerman Law Offices, P.A.*, 24 P.3d 593, 596 (Ariz. 2001) (attorney-client relationship arises when a person manifests an intent that the lawyer provide legal services for the person, and the lawyer manifests to the person consent to do so); *Phillips v. Clancy*, 733 P.2d 300, 303 (Ariz. Ct. App. 1986) (setting forth elements of legal malpractice claim).

The district court properly dismissed Ranasinghe's claim for negligent misrepresentation because Ranasinghe failed to allege facts sufficient to show that defendants owed him a duty, and his claim is based upon a promise of future conduct. *See Van Buren v. Pima Cmty. Coll. Dist. Bd.*, 546 P.2d 821, 823 (Ariz. 1976) (a negligent misrepresentation claim requires a showing of a duty owed and a breach of that duty); *McAlister v. Citibank*, 829 P.2d 1253, 1261 (Ariz. Ct. App. 1992) (a negligent misrepresentation claim cannot be based upon a promise of future conduct).

The district court properly dismissed Ranasinghe's claim for tortious

interference with contractual relations because Ranasinghe failed to allege facts sufficient to show a valid contractual relationship or that defendants acted with improper means or motive. *See Neonatology Assocs., Ltd. v. Phoenix Perinatal Assocs. Inc.*, 164 P.3d 691, 693-94 (Ariz. Ct. App. 2007) (setting forth elements of tortious interference with contractual relations claim; defendant will ordinarily not be liable for tortious interference absent a showing that the defendant's actions were improper as to means or motive).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Ranasinghe's request for judicial notice, set forth in the reply brief, is denied.

**AFFIRMED.**

15-15310